UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| ROBERT LANGFORD and EDWARD GEORGE GALAN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>COOL AIR SOLUTIONS, INC. D/B/A GRAHAM HEATING & AIR CONDITIONING,<br><br>           Defendant. | Case No. _____<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.    Plaintiffs Robert Langford and Edward George Galan ("Plaintiffs" or "Mr. Langford and Mr. Galan, respectively) bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2.    In violation of the TCPA, Defendant Cool Air Solutions, Inc. ("Defendant" or "Cool Air Solutions") placed multiple telemarketing calls to telephone numbers that the Plaintiffs have registered on the National Do Not Call Registry.

3.    The Plaintiffs never consented to receive these calls.

4. Because telemarketing campaigns result in calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Cool Air Solutions.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiffs are residents of this state.

7. Defendant Cool Air Solutions, Inc. is a company headquartered in Largo, FL that offers HVAC maintenance and repair services and does business as Graham Heating & Air Conditioning.

## Jurisdiction

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

## TCPA Background

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

> *The TCPA prohibits telemarketing calls to numbers listed*
> *on the Do Not Call Registry, unless the caller*
> *has the recipient's signed, written consent*

2

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

12. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

13. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

### *The TCPA imposes vicarious liability on third-parties who do not physically dial the calls*

14. Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Section 227(c), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did. *In re Joint Pet. filed by Dish Network*, *LLC*, FCC 13-54 ¶ 37, 2013 WL 193449 (May 9, 2013) ("FCC Ruling").

15. A seller is liable under Section 227(c) when it has authorized a telemarketer to market its goods or services. *Id.* ¶ 47.

16.     Additionally, a seller may be vicariously liable for violations of those provisions under principles of apparent authority and ratification. Factors relevant to a finding of vicarious liability include:

a.      Whether "the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including . . . access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information."

b.      Whether the outside sales entity can "enter consumer information into the seller's sales or customer systems[.]"

c.      Whether the outside sales entity has "the authority to use the seller's trade name, trademark and service mark[.]";

d.      Whether "the seller approved, wrote or reviewed the outside entity's telemarketing scripts."; and

e.      "Whether the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct."

*Id.* ¶ 46.

## Factual Allegations

### *Cool Air Solutions places telemarketing calls to the Plaintiffs*

17.     The Plaintiff Galan has previously placed his telephone number, (727) 539-XXXX on the National Do Not Call List, where it has been since August of 2003.

18.     The Plaintiff Langford has previously placed his telephone number, (727) 842-XXXX on the National Do Not Call List, where it has been since May of 2008.

4

19. On September 12, 2014 at 3:58 PM as well as September 15, 2014 at 10:36 AM, and on other dates and times thereafter, the Plaintiff Galan received telephone calls from telemarketing representatives calling from Cool Air Solutions.

20. On March 20, 2013 at approximately 11:00 AM, as well as April 3, 2013 at 10:30 AM, and on other dates and times thereafter, the Plaintiff Langford received telephone calls from telemarketing representatives calling from Cool Air Solutions.

21. The caller informed the Plaintiffs at the beginning of each call that he was calling from Cool Air Solutions and informed him that they were calling to offer their goods and services.

22. The calls came from the following telephone numbers: (727) 451-8961 and (727) 451-8957.

23. The individuals who called, did not identify themselves.

24. The Plaintiffs never consented in any fashion to these telephone calls, and have had no business relationship with this entity.

25. All of the calls were unwanted telemarketing solicitations.

26. The Defendant has received a number of complaints related to calling individuals who were on state or federal Do Not Call registries.

27. The Plaintiffs have not provided Defendant with their personal information or telephone number prior the telephone calls.

**Class Action Allegations**

28. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

29. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers had been registered on the Do Not Call Registry for 31 days or longer, and who, from four years before the filing of the initial Complaint to the date of certification of the class, received more than one telemarketing call within any twelve-month period from, or on behalf of, the Defendant.

30. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

31. The class as defined above is identifiable through phone records and phone number databases.

32. The potential class is so numerous that individual joinder of these persons is impracticable.

33. Plaintiffs are a member of the class.

34. There are questions of law and fact common to Plaintiffs and to the proposed class, including but not limited to the following:

    a. Whether Cool Air Solutions violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

    b. Whether Cool Air Solutions has any defense(s) to engaging in a telemarketing campaign to individuals on the National Do Not Call Registry;

    c. Whether the Plaintiff and class are entitled to statutory damages as a result of Cool Air Solutions' actions.

35. Plaintiffs' claims are typical of the claims of class members.

36. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class, they will fairly and adequately protect the interests of the class, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

39. Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call provisions

40. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

41. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

42. The Defendant's violations were negligent and/or knowing.

## Count Two:
## Injunctive relief to bar future TCPA violations

43. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

44. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

45. The Plaintiffs respectfully petition this Court to order the Defendant and their employees, agents, and all other persons or entities working on their behalf to make these calls to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

For himself and all class members, Plaintiffs request the following relief:

1. That Cool Air Solutions be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Cool Air Solutions, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

3. That the Court certify the claims of the named Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure.

4. That the Plaintiffs and all class members be awarded statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing violation.

5. That the Plaintiffs and all class members be granted other relief as is just and equitable under the circumstances.

Dated: March 6, 2015

        Respectfully submitted,
*/s/ Tim Howard*_____
Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
**HOWARD & ASSOCIATES, P.A.**
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537
tim@howardjustice.com

Edward A. Broderick
Anthony Paronich
Broderick Law, P.C.
125 Summer St., Suite 1030
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
(508) 319-3077 *facsimile*
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

## Jury Demand

Plaintiff demands trial by jury.